IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIMOTHY FIELDS, # 24509-077<br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA<br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§ | 3:11-CV-1897-P<br>(3:03-CR-166-P(02)) |

## MEMORANDUM OPINION AND ORDER

Movant, a federal prisoner confined within the Bureau of Prisons, filed this *pro se* motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255. The court did not issue process in this case pending preliminary screening.

Movant was convicted of conspiring to possess with intent to distribute cocaine and possession with intent to distribute cocaine, possession of a firearm, and money laundering, and was sentenced to life imprisonment. *United States v. Fields*, 3:93-CR-166-P (N.D. Tex. Feb. 16, 1994). His convictions and sentence were affirmed on direct appeal. *United States v. Fields*, 72 F.3d 1200 (5th Cir. 1996). Movant filed a previous § 2255 motion on October 8, 1997. The Court reversed his conviction for money laundering and denied his motion in all other respects. *Fields v. United States*, 3:97-CV-2478-P (N.D. Tex. April 27, 1998). Movant has also filed two motions applications to file a 2255 motion with the Fifth Circuit, which were both denied. *See In re Fields*, Cause Nos. 01-10874, 06-10014 (5th Cir.). In the instant section 2255 motion, Movant again seeks to challenge his conviction and sentence.

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a petitioner may file a second or successive application for federal habeas relief. *See* 28

U.S.C. §§ 2255(h) and 2244(b). In general, to raise a new claim, the movant must show that the successive motion is based on: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); *see In re Elwood*, 408 F.3d 211, 212 (5th Cir. 2005) (per curiam).

Before a movant may file a second or successive application in the district court, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the applicant makes the requisite prima facie showing. *See* 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A)-(B). In *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000), the Fifth Circuit held that section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the Fifth Circuit has granted the movant permission to file such a petition. *See also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

The United States Court of Appeals for the Fifth Circuit has not issued an order authorizing the Court to consider the successive section 2255 motion in this case. Movant must obtain such an order before he can file a second section 2255 motion challenging her conviction. Therefore, this motion should be transferred to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002), and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Accordingly, it is ordered that the successive motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 is **TRANSFERRED** to the United States Court of Appeals

2

for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002), and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

**SO ORDERED.**

SIGNED this 3rd day of ~~September,~~ October, 2011.

JORGE A. SOLIS
**UNITED STATES DISTRICT JUDGE**

3